CHARLES K. CHINEDUH (SBN 273258)
charles.chineduh@maynardnexsen.com
MAYNARD NEXSEN LLP
10100 Santa Monica Blvd., Suite 550
Los Angeles, California 90067
Telephone: (310) 596-4500
Facsimile:  (205) 254-1999

Attorneys for Defendants
PROTECTIVE LIFE INSURANCE COMPANY
and WEST COAST LIFE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARA HALL,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTOPHER HALL; WEST COAST LIFE INSURANCE COMPANY; PROTECTIVE LIFE INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. 2:23-cv-03871-MEMF-AS<br><br>**DEFENDANTS WEST COAST LIFE INSURANCE COMPANY AND PROTECTIVE LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**<br><br>[Filed concurrently with Counterclaim, Cross-claim, and Third-Party Claim in Interpleader] |

Defendants West Coast Life Insurance Company and Protective Life Insurance Company (collectively, "Protective") hereby answer the Complaint filed by Plaintiff Darra Hall ("Plaintiff"). Unless expressly admitted herein, Protective denies each material allegation of the Complaint. Subject to these denials, the affirmative defenses stated herein, as well as the Counterclaim, Cross-claim, and Third-Party Claim in Interpleader filed concurrently herewith, Protective responds to the Complaint as follows:

1.     Referring to the allegations in Paragraph 1,, Protective, upon information and belief, admits that the life insurance policies at issue in this lawsuit—West Coast Life Policy No. ZUA413143 and Protective Policy No. B00434439 (collectively, the "Policies")—insured Plaintiff's aunt, Patricia "Patsy" Hall. Protective denies any and all remaining allegations of Paragraph 1.

2.     Protective presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on this basis, Protective denies the allegations.

3.     Protective denies the allegations of Paragraph 3.

4.     Protective presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on this basis, Protective denies the allegations.

5.     Protective presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on this basis, Protective denies the allegations. Protective further states that due to the contest to the proceeds of the Policies, Protective is filing concurrently herewith a Counterclaim, Cross-claim, and Third-Party Claim in Interpleader requesting that the Court determine the proper beneficiary(ies) of the Policies.

6.     Protective denies the allegations of Paragraph 6.

7.     Protective presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on this basis, Protective

denies the allegations. Protective further states that Christopher Hall was improperly joined as a defendant in this action, as set forth in Protective's Notice of Removal.

8.      Protective denies the allegations of Paragraph 8.

9.      Protective denies the allegations of Paragraph 9.   Protective further states that due to the contest to the proceeds of the Policies, Protective is filing concurrently herewith a Counterclaim, Cross-claim, and Third-Party Claim in Interpleader requesting that the Court determine the proper beneficiary(ies) of the Policies.

10.     Protective presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on this basis, Protective denies the allegations.

FIRST CAUSE OF ACTION
BREACH OF CONTRACT
(AGAINST ALL DEFENDANTS)

11.     Protective incorporates by reference its responses to Paragraphs 1 through 10 as if fully set forth herein.

12.     Protective denies the allegations of Paragraph 12.

13.     Referring to the allegations in Paragraph 13, Protective admits only that Plaintiff has submitted claim forms to Protective seeking the proceeds of the Policies. Protective denies the remaining allegations of Paragraph 13.   Protective further states that due to the contest to the proceeds of the Policies, Protective is filing concurrently herewith a Counterclaim, Cross-claim, and Third-Party Claim in Interpleader requesting that the Court determine the proper beneficiary(ies) of the Policies.

14.     Referring to the allegations in Paragraph 14, Protective admits only that Plaintiff has submitted claim forms to Protective seeking the proceeds of the Policies. Protective denies the remaining allegations of Paragraph 14.   Protective further states that due to the contest to the proceeds of the Policies, Protective is filing concurrently herewith a Counterclaim, Cross-claim, and Third-Party Claim in

Interpleader requesting that the Court determine the proper beneficiary(ies) of the Policies.

15. The allegations of Paragraph 15 call for a legal conclusion to which no response is required. To the extent a response is necessary, Protective denies the allegations.

SECOND CAUSE OF ACTION
INSURANCE BAD FAITH
(AGAINST ALL DEFENDANTS)

16. Protective incorporates by reference its responses to Paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiff and Protective have stipulated to the dismissal of Plaintiff's second cause of action, and as such, no response to the allegations in Plaintiff's second cause of action is required.

18. Plaintiff and Protective have stipulated to the dismissal of Plaintiff's second cause of action, and as such, no response to the allegations in Plaintiff's second cause of action is required.

19. Plaintiff and Protective have stipulated to the dismissal of Plaintiff's second cause of action, and as such, no response to the allegations in Plaintiff's second cause of action is required.

THIRD CAUSE OF ACTION
DECLARATORY RELIEF
(AGAINST ALL DEFENDANTS)

20. Protective incorporates by reference its responses to Paragraphs 1 through 19 as if fully set forth herein.

21. Referring to the allegations in Paragraph 21, Protective admits only that a present dispute to the benefits of the Policies exists. Protective denies the remaining allegations of Paragraph 21. Protective further states that due to the contest to the proceeds of the Policies, Protective is filing concurrently herewith a Counterclaim, Cross-claim, and Third-Party Claim in Interpleader requesting that the Court determine the proper beneficiary(ies) of the Policies.

22.     Protective denies the allegations of Paragraph 22.  Protective further states that due to the contest to the proceeds of the Policies, Protective is filing concurrently herewith a Counterclaim, Cross-claim, and Third-Party Claim in Interpleader requesting that the Court determine the proper beneficiary(ies) of the Policies.

For the unnumbered prayer for relief paragraph beginning with "WHEREFORE" on page 5 of the Complaint, Protective responds as follows:

ON THE FIRST CAUSE OF ACTION:

1.     Protective denies that Plaintiff is entitled to damages from Protective. Protective further denies that Plaintiff is entitled to any relief whatsoever from Protective.

2.     Protective denies that Plaintiff is entitled to fees and costs of suit. Protective further denies that Plaintiff is entitled to any relief whatsoever from Protective.

ON THE SECOND CAUSE OF ACTION:

1.     Protective denies that Plaintiff is entitled to damages from Protective. Protective further denies that Plaintiff is entitled to any relief whatsoever from Protective.

2.     Protective denies that Plaintiff is entitled to bad faith damages from Protective.  Protective further denies that Plaintiff is entitled to any relief whatsoever from Protective.

3.     Protective denies that Plaintiff is entitled to attorneys' fees and costs. Protective further denies that Plaintiff is entitled to any relief whatsoever from Protective.

4.     Protective denies that Plaintiff is entitled to punitive damages. Protective further denies that Plaintiff is entitled to any relief whatsoever from Protective.

///

ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES
Case No. 2:23-cv-03871-MEMF-AS

ON THE THIRD CAUSE OF ACTION

1.    Protective denies that Plaintiff is entitled to declaratory relief. Protective further denies that Plaintiff is entitled to any relief whatsoever from Protective.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying all wrongdoing, Protective alleges the following affirmative defenses. By setting forth these defenses, Protective does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations.

### FIRST DEFENSE

1.    Plaintiff's Complaint, and each purported claim therein, fails to state a claim against Protective upon which relief can be granted.

### SECOND DEFENSE

2.    Plaintiff's claims are barred by the provisions, terms, exclusions, definitions, limitations, and conditions of the Policies at issue.

### THIRD DEFENSE

3.    Plaintiff's claims are barred, because there are competing claims to the proceeds of the Policies by Plaintiff, on the one hand, and the designated beneficiaries of the Policies, on the other hand. In light of the competing claims to the Policies, Protective is filing herewith a Counterclaim, Cross-claim, and Third-Party Claim in Interpleader requesting that the Court make a determination as to the proper beneficiary(ies) of the Policies.

### FOURTH DEFENSE

4.    Plaintiff lacks standing to assert claims against Protective as she is not the primary beneficiary of record for the Policies at issue.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH DEFENSE**

5.      Plaintiff's claims are barred because Protective has fully and/or substantially performed all contractual, statutory, and other duties that may have been owed to Plaintiff.

**SIXTH DEFENSE**

6.      Plaintiff's claims are barred by the failure to satisfy necessary conditions precedent.

**SEVENTH DEFENSE**

7.      Plaintiff's claims are barred or limited because Protective complied with all applicable laws, statutes, and regulations at all pertinent times.

**EIGHTH DEFENSE**

8.      Plaintiff's claims are barred or limited because Protective acted reasonably, appropriately and in good faith at all pertinent times.

**NINTH DEFENSE**

9.      Plaintiff's claims are barred because Protective did not engage in any unfair, unlawful, fraudulent, or wrongful conduct.

**TENTH DEFENSE**

10.     The acts and omissions of Protective, if any, were excused or justified by the information and facts available to Protective at the time such acts and omissions, if any, occurred.

**ELEVENTH DEFENSE**

11.     Plaintiff has sustained no injury in fact or damages caused by Protective or the conduct alleged in the Complaint.

**TWELFTH DEFENSE**

12.     If Plaintiff has suffered any injury or harm—which Protective expressly denies—recovery is barred by the failure of Plaintiff to mitigate, reduce, or otherwise avoid her damages or injuries.

///

**THIRTEENTH DEFENSE**

13.     Plaintiff's claims are barred, in whole or in part, because no act or omission by Protective, or by any person or entity for which Protective was responsible, was the proximate cause of any injury or harm alleged.

**FOURTEENTH DEFENSE**

14.     Plaintiff's claims are barred due to the acts or omissions of third parties who are unrelated to Protective.

**FIFTEENTH DEFENSE**

15.     Plaintiff's claims are barred by the doctrine of estoppel.

**SIXTEENTH DEFENSE**

16.     Plaintiff's claims are barred by the doctrine of unjust enrichment.

**SEVENTEENTH DEFENSE**

17.     Plaintiff's claims are barred by the doctrine of unclean hands in that the actions of Plaintiff have caused some or all of the alleged harm incurred, if any.

**EIGHTEENTH DEFENSE**

18.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, laches, and/or other time bars.

**NINETEENTH DEFENSE**

19.     Plaintiff's claims are barred, in whole or in part, by the following doctrines: res judicata, collateral estoppel, laches, assumption of risk, contributory negligence, duress, failure of consideration, contribution, set-off, fraud, illegality, injury by fellow servant, license, joint and several liability, payment, release, standing, real party in interest, accord and satisfaction, good faith, genuine dispute, failure to cooperate, failure to read, and/or release.

**TWENTIETH DEFENSE**

20.     Plaintiff is not entitled to any attorneys' fees or costs from Protective.

///

///

**TWENTY-FIRST DEFENSE**

21. Protective presently has insufficient knowledge or information on which to form beliefs as to whether there are additional, yet unstated affirmative defenses. Thus, subject to further proceedings in this action, Protective expressly reserves its right to assert additional affirmative defenses.

WHEREFORE, Protective prays for relief as follows:

1. That the Complaint be dismissed with prejudice in its entirety as to Protective;

2. That Plaintiff take nothing from Protective by reason of the Complaint and that judgment be entered against Plaintiff and in favor of Protective;

3. That Protective be awarded its costs incurred in defending this action including such reasonable attorneys' fees as may be allowed by case or statutory authority and/or agreement of the parties; and

4. That Protective be granted such other relief as the Court may deem just and proper.

Dated: May 26, 2023                             MAYNARD NEXSEN LLP

                                                */s/ Charles K. Chineduh*
                                        By:      CHARLES K. CHINEDUH

                                        Attorney For Defendants
                                        PROTECTIVE LIFE INSURANCE
                                        COMPANY and WEST COAST LIFE
                                        INSURANCE COMPANY

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Maynard Nexsen LLP, 10100 Santa Monica Blvd., Suite 550, Los Angeles, CA 90067. On the date indicated below, I served the foregoing document described as:

**DEFENDANT WEST COAST LIFE INSURANCE COMPANY'S AND DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

     Joseph S. Fogel (SBN 156746)
     ADEPT LAW FIRM
     4500 Park Granada, Suite 202 F
     Calabasas, CA 91302-1613
     Tel: (818) 986-7100
     Fax: (818) 986-7106

     Attorneys for Plaintiff
     DARRA HALL

**[x]**   **BY CM/ECF ELECTRONIC SERVICE:** The following are registered CM/ECF users with the Court and have consented to service through the Court's automatic transmission of a notice of electronic filing.

     I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on May 26, 2023, in Los Angeles, California.

                                  _____
                                  Ayanna Clutchette