O, JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRA HALL,<br><br>    Plaintiff/s,<br><br>   v.<br><br>CHRISTOPHER HALL; WEST COAST LIFE INSURANCE COMPANY; PROTECTIVE LIFE INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>    Defendant/s. | Case No.: 2:23-cv-03871-MEMF-AS<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT [ECF NO. 38]** |

  Before the Court is an Order to Show Cause for Why the Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction, and various responses thereto. ECF Nos. 52, 54, 55, 56, 57. The Court deems these matters appropriate for resolution without oral argument. *See* C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction over this action, and therefore DISMISSES the action, and DENIES the pending Motion for Default Judgment (ECF No. 38) as MOOT.

/ / /

/ / /

1

## I.  Background

The Court already described the background of this action in detail in its previous Order. *See* ECF No. 52. The Court will restate that background here to the extent that it is relevant to this Order.

### A. Factual Allegations[1]

Plaintiff and Interpleader Defendant Darra Hall is an individual.[2] *See* Compl. ¶¶ 1–3; FACC ¶ 3. Patricia (a/k/a Patsy) Hall was Darra Hall's aunt. *See id.* ¶ 1. Patricia Hall passed away in November 2022. *See id.* ¶ 5. Patricia Hall had life insurance issued by Defendants West Coast Life Insurance Company ("West Coast") and Protective Life Insurance Company ("Protective"). *See* FACC ¶¶ 11, 14. The beneficiary for the policy issued by West Coast was, at the time of issuance, the Patsy Hall 2007-1 Irrevocable Life Insurance Trust (the "2007-1 Trust"). *See* FACC ¶ 11. The beneficiary for the policy issued by Protective was, at the time of issuance, the Patsy Hall Irrevocable Life Insurance Trust (the "2007 Trust"). *See* FACC ¶ 14.

Defendant and Interpleader Defendant Christopher Hall is an individual. *See* Compl. ¶ 7; FACC ¶ 4. Christopher Hall is a trustee of the 2007-1 Trust. *See* FACC ¶ 4. Darra Hall is a trustee of the 2007 Trust. *See id.* ¶ 3. Between 2010 and 2019, there were a series of changes made to the beneficiaries of the policies issued by West Coast and Protective. *See* FACC ¶¶ 12–13, 15–19. The end result of these changes was that the beneficiary of the policy issued by West Coast was CSSEL Guernsey Bare Trust Dated April 26, 2017 (the "Guernsey Trust"), and the beneficiary of the policy issued by Protective was Interpleader Defendant PF Participation Funding Trust (the "PF Trust"). *See id.* ¶¶ 13, 19. Darra Hall alleges that a fraudulent version of Patricia Hall's signature was used to make some of these changes. *See* Compl. ¶ 4.

---

[1] The following factual background is derived from the allegations in Plaintiff Darra Hall's Complaint (ECF No. 1 at 13–19, "Compl.") and by Defendants and Plaintiffs-in-Interpleader West Coast Life Insurance Company's and Protective Life Insurance Company's First Amended Counterclaim, Cross-Claim, and Third Party Complaint in Interpleader (ECF No. 15, "FACC"). The Court makes no finding on the truth of these allegations and includes them only as background.

[2] In various documents in this litigation, Darra Hall's name has at times been spelled "Dara Hall" or "Darrah Hall" by various parties. *See, e.g.*, Compl. ¶ 4 ("Darrah Kelner Hall"); FACC ¶ 21 ("Dara Hall"). The Court uses the spelling "Darra," because this is what Darra Hall used in the caption and introductory paragraphs of her Complaint. *See* Compl. ¶ 3.

Darra Hall believes that she is the "only true beneficiary" on the various insurance policies. *See id.* ¶ 3. Upon Patricia Hall's death Darra Hall was concerned that the Defendants would pay out the policy benefits to some other individuals or entities. *See id.* ¶¶ 3–5.

### B. Procedural History

Darra Hall filed suit in Los Angeles County Superior Court on December 7, 2022. *See* Compl. Darra Hall brought suit against Hartford, Christopher Hall, and Does 1 through 15. *See id.* Darra Hall brought three causes of action against all Defendants: (1) breach of contract; (2) insurance bad faith; and (3) declaratory relief that Darra Hall is the beneficiary of the various policies. *See* Compl. ¶¶ 11–22.

Darra Hall later filed forms in Los Angeles County Court amending her Complaint to substitute Protective for Doe No. 1 and West Coast for Doe No. 2. *See* ECF No. 1 at 26–27. Darra Hall dismissed Hartford as a Defendant on February 21, 2023. *See* ECF No. 1 at 28.

Protective and West Coast removed to this Court on the purported basis of diversity jurisdiction on May 19, 2023. *See* ECF No. 1. On May 26, 2023, Darra Hall, Protective, and West Coast stipulated to the dismissal of Darra Hall's second cause of action for insurance bad faith against Protective and West Coast. *See* ECF No. 8. Protective and West Coast filed an Answer to Darra Hall's Complaint on May 26, 2023. *See* ECF No. 9.

Also on May 26, 2023, Protective and West Coast filed a Counterclaim, Cross-Claim, and Third Party Claim in Interpleader. *See* ECF No. 10. Protective and West Coast filed a First Amended Counterclaim, Cross-Claim, and Third Party Claim in Interpleader on July 11, 2023. *See* FACC. Protective and West Coast brought claims against: Darra Hall as Trustee of the 2007 Trust; Christopher Hall as Trustee of the 2007-1 Trust, Interpleader Defendant PF Trust; and Interpleader Defendant Primary MasterBareAF PTC Limited ("MasterBareAF PTC") as Trustee of the Guernsey Trust. *See id.* Protective and West Coast admit that the benefits from policies are payable to some beneficiary and claim no right to the benefits but aver that they cannot determine without peril who they should pay the benefits to. *See id.* ¶¶ 29, 30. Protective and West Coast sought a judicial determination of what individual or entity is entitled to be the beneficiary of the policies, sought to deposit funds with the Court and have the Court distribute the funds after such determination, and

sought an order enjoining any Interpleader Defendant from later bringing suit against Protective or West Coast regarding the policies at issue. *See* FACC at Prayer for Relief.

Protective and West Coast served Christopher Hall with process on September 29, 2023. To date, Christopher Hall has not appeared in this action or filed any responsive pleading. Protective and West Coast requested that the Clerk of Court enter default against Christopher Hall on October 25, 2023. *See* ECF No. 35. The Clerk of Court entered default against Christopher Hall on October 27, 2023. *See* ECF No. 37. Protective and West Coast filed a Motion for Default Judgment on December 26, 2023. *See* ECF No. 38.

Darra Hall, Protective, and West Coast stipulated on December 27, 2023, that Protective and West Coast would deposit funds with the Court and then Protective and West Coast would be dismissed with prejudice from the action. *See* ECF No. 39. The Court granted this stipulation on February 8, 2024, ordering that Protective and West Coast should deposit funds with the Court ($2,500,000 and $4,000,000, respectively) and then would be dismissed with prejudice. *See* ECF No. 45. The Court further ordered that upon deposit of the funds, Darra Hall, Christopher Hall, and any other person who might make a claim to policy benefits would be "permanently enjoined from initiating or prosecuting any other proceedings, arbitration, or lawsuit" against West Coast Life, Protective, or related entities regarding claims that could have been brought in this action. See id. Protective and West Coast deposited the funds with the Court (with the amounts increased slightly due to interest and premium refunds) on February 20, 2024. *See* ECF No. 47.

On June 11, 2024, the Court issued an Order regarding the Motion for Default Judgment. *See* ECF No. 52. The Court raised questions as to whether it had subject matter jurisdiction over the action, and ordered the removing parties (Protective and West Coast) to show cause as to why the Court should not dismiss the action for lack of subject matter jurisdiction. *See id.* The Court noted that it appeared that there was not complete diversity between the initial parties to the action, because Darra Hall (the plaintiff) and Christopher Hall (a defendant) were both alleged to be citizens of California. *See id.* The Court noted that Protective and West Coast had asserted that despite this, there was still subject matter jurisdiction, because (per Protective and West Coast) Christopher Hall had been fraudulently joined and/or the Court should construe Christopher Hall as a plaintiff because

his interests align with Darra Hall's. *See id.* The Court expressed concern as to whether either of these theories was correct. *See id.* The Court also noted that the Third Party Claim in Interpleader appeared not to allege sufficient facts to find diversity jurisdiction over the interpleader claim. *See id.* The Court ordered the parties to respond as to the following issues:

> (1) what should be considered in assessing jurisdiction (that is, whether the Court should consider only the action at the time of removal, only the interpleader action, or both); (2) whether jurisdiction was proper at the time of removal, likely to include a detailed argument as to why Christopher Hall was fraudulently joined; and (3) whether the interpleader action establishes jurisdiction, whether it could be amended to establish jurisdiction, and whether allowing such amendment would be appropriate.

*See id.* at 12. The Court also asked the parties to:

> include a proposal as to how the Court should address its previous orders (including the Order at ECF No. 45, where the Court ordered, *inter alia*, that Protective and West Coast deposit money with the Court and that other parties would be enjoined from [bringing] suits against Protective and West Coast) in the event that the Court finds that it never had subject matter jurisdiction over the action

*See id.*

Protective and West Coast filed a Response to the Court's Order on July 2, 2024. *See* ECF No. 54. Protective and West Coast assert that: (1) the Court should only consider whether there was subject matter jurisdiction at the time of the removal (in other words, the Court should only consider whether there was subject matter jurisdiction over the action filed by Darra Hall against Hartford, Christopher Hall, Protective, and West Coast); (2) there was proper subject matter jurisdiction at the time of removal, because Christopher Hall's interests align with Darra Hall's and/or because Christopher Hall was fraudulently joined; and (3) in the event that the Court finds that it lacks jurisdiction, the action should be remanded to state court, and a state court should enforce this Court's previous Orders. *See id.*

PF Trust and MasterBareAF PTC filed a Response to the Court's Order on July 16, 2024. *See* ECF No. 55. The Response included only one substantive statement: "this Court has subject matter jurisdiction over the Amended Complaint-in-Interpleader and the Cross-Claims pursuant to 28 U.S.C. § 1335(a)." *See id.*

Darra Hall also filed a Response to the Court's Order on July 16, 2024. *See* ECF No. 56. Darra Hall asserts that there was no subject matter jurisdiction over the action at the time of removal,

as Christopher Hall was not fraudulently joined and his interests do not align with Darra Hall's. *See id.* Darra Hall further argues that to the extent that there is diversity jurisdiction, the "Probate Exception" defeats federal subject matter jurisdiction. *See id.*[3]

Protective and West Coast filed a Reply in support of their Response on July 17, 2024. *See* ECF No. 57. In their Reply, Protective and West Coast assert that Darra Hall's counsel had previously told Protective and West Coast's counsel in a meet and confer that Darra Hall agreed that there was federal subject matter jurisdiction but noted that Darra Hall's position has apparently changed. *See id.* Protective and West Coast reasserted their view that there is subject matter jurisdiction for the reasons described above. *See id.* They also requested oral argument. *See id.*

## II.  **Applicable Law**

"The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). One possible basis for jurisdiction, and the only one relevant to this Order, is diversity jurisdiction. *See* 28 U.S.C. § 1332 ("Section 1332"). Diversity jurisdiction requires "complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).

Where a defendant removes a case to federal court, the removing defendant bears the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). The "removal statute is strictly construed against removal jurisdiction." *See id.*

## III.  **Discussion**

---

[3] Darra Hall's Response also clarified that Darra Hall does not understand Christopher Hall to be a potential claimant to the funds (a possibility that the Court had raised in its previous Order, *see* ECF No. 52 at 9). *See* ECF No. 56 at 9. Rather, Darra Hall's position is that Christopher Hall was properly joined as a defendant because he "obstructed" Darra Hall from receiving the funds at issue. *See id.*

The key issue here is whether there was federal subject matter jurisdiction over this action at the time of removal.[4] *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 379 (2016) ("an action must be fit for federal adjudication when the removal petition is filed."). The Court finds that there was not proper jurisdiction at the time of removal, and so finds that the Court lacks subject matter jurisdiction over this action. The action will therefore be dismissed as described in the conclusion of this Order.

First, there was not complete diversity among the parties to the action at the time of removal. Darra Hall—the plaintiff—is alleged to be a citizen of California. *See* ECF No. 1 at 3 (Protective and West Coast acknowledge as such in their Notice of Removal), 15 (Darra Hall alleged as such in her Complaint). Christopher Hall—a defendant—is also alleged to be to be a citizen of California. *See* ECF No. 1 at 4 (Protective and West Coast acknowledge as such in their Notice of Removal), 15 (Darra Hall alleged as such in her Complaint). Thus, because there is California plaintiff and California defendant, there was no complete diversity. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning

---

[4] In its previous Order, the Court also raised the question of whether the filing of the Third Party Claim in Interpleader (ECF No. 10) affected the Court's jurisdiction (in other words, even if removal had been proper prior to Third Party Claim in Interpleader, the Court inquired as whether that claim have defeated the Court's jurisdiction if it was brought against a non-diverse third party defendant). *See* ECF 52 at 10–12.

All parties that substantively analyzed the issue appear to agree that the Court's analysis should be limited to whether there was jurisdiction at the time of removal. *See* ECF No. 54 at 9 (Protective and West Coast assert that "the analysis of whether a Court has subject matter jurisdiction should be confined to whether jurisdiction existed at the time of the removal"), ECF No. 56 at 6 (Darra Hall addressed only whether diversity was proper at the time of removal). The Court need not reach the question of whether the Third Party Complaint in Interpleader could have defeated previously proper jurisdiction, as the Court's finding described herein is that jurisdiction was not proper at the time of removal, and there is no indication that the filing of a Third Party Complaint in Interpleader can create jurisdiction if the removal was improper.

PF Trust argues that there is jurisdiction based on 28 U.S.C. § 1335, which governs jurisdiction over interpleader actions, but PF Trust provides no authority beyond a reference to the statute, and PF Trust did not provide the additional information that the Court identified as necessary to determine whether the interpleader action had complete diversity. *See* ECF No. 55 at 3; *see also* ECF No. 52 at 11 (explaining that the Court needed more information regarding PF Trust's citizenship). The Court sees no basis for finding that the interpleader jurisdiction statute would establish jurisdiction if there was a defect at the time of removal.

that each plaintiff must be of a different citizenship from each defendant."). Unless Protective and West Coast can establish a reason why Christopher Hall's citizenship should not be considered, there is no basis for federal subject matter jurisdiction over this action.

Protective and West Coast offer two purported bases for disregarding Christopher Hall's citizenship and finding complete diversity: fraudulent joinder and realignment of interests. *See* ECF No. 54. The Court finds that both arguments fail.

First, the Court finds that the record does not show that Christopher Hall was fraudulently joined. "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548. "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* Protective and West Coast have only argued that the latter applies here. *See* ECF No. 54 at 15–16. In order to show fraudulent joinder by inability to establish a cause of action against the non-diverse party, a defendant must show that the non-diverse party "cannot be liable on any theory." *See Grancare*, 889 F.3d at 548. "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a 'general presumption against finding fraudulent joinder.'" *Id.* The analysis of whether the plaintiff can establish a cause of action against the purportedly fraudulently joined party "shares some similarities with the analysis under Rule 12(b)(6)," but is distinct and is a lower bar. *See id.* The question is not whether the plaintiff actually stated a claim upon which relief can be granted, and rather whether there is a "*possibility*" that a state court might find that the plaintiff has stated a claim. *See id.*

Here, Protective and West Coast argue that none of Darra Hall's three causes of action could lead to liability against Christopher Hall. *See* ECF No. 54 at 15–16. Darra Hall disagrees. *See* ECF No. 56 at 7–9. In its previous Order, the Court questioned whether Christopher Hall was a possible claimant to the benefits at issue, which might make him a proper Defendant as to the third claim for declaratory relief. *See* ECF No. 52 at 9. Darra Hall has clarified that this is not so. *See* ECF No. 56 at 9. Rather, Darra Hall's theory of liability as to Christopher Hall is that Christopher Hall forged signatures as part of the alleged actions taken to wrongfully deprive Darra Hall of benefits. *See id.*

At minimum, this theory could potentially lead to liability for Christopher Hall on Darra Hall's second cause of action for insurance bad faith. A claim for insurance bad faith under California law requires the plaintiff to show that "the insurer has (1) withheld benefits due under the policy, and (2) that such withholding was 'unreasonable' or 'without proper cause.'" *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1209 (2009). Here, Darra Hall alleges that Christopher Hall is "involved with insurance procurement and sales." *See* ECF No. 1 at 15. She further alleges that at some point, "a signature not [Darra Hall's] own was used to remove [Darra Hall] as a beneficiary" to the relevant trusts, and that, if the signature in question was purportedly Patricia Hall's, "that signature is a false signature." *See id.* at 14. Taking these together, Darra Hall alleges that someone involved with the trusts forged signatures with the intent of depriving Darra Hall of benefits, and that person may have been Christopher Hall. This is further supported by the explanation in her response to the Court's Order, where she writes that "Christopher Hall is alleged to have caused the false signatures of Darra Hall." *See* ECF No. 56 at 9. This appears to potentially be sufficient to meet the elements of insurance bad faith described above.[5] This theory could potentially also make Christopher Hall a valid defendant as to Darra Hall's claim for a declaratory judgment; if he has sought to deprive her of benefits, and his position is that she is not entitled to benefits, he is a proper defendant on a claim that a court issue a declaratory judgment that she *is* entitled to benefits. As discussed above, the analysis of fraudulent joinder has a lower bar than a 12(b)(6) motion, and to prevail, a defendant asserting fraudulent joinder must show that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants." *See Grancare*, 889 F.3d at 548. This is a heavy burden, with a presumption against such a finding, and the removing defendant bears the burden of showing it. Here, Protective and West Coast have not met that burden. The Court finds that there is a possibility that a state court might find Christopher Hall to be a valid defendant.

---

[5] The Court is aware of no authority suggesting that an individual who works at an insurance company cannot be liable for insurance bad faith if he or she deliberately acts to defraud a beneficiary. Protective and West Coast have not attempted to argue that there is any limitation on this claim.

The arguments made by Protective and West Coast do not convince the Court otherwise. Protective and West Coast do not cite any specific authority regarding the causes of action Darra Hall brings to argue that they necessarily fail against Christopher Hall based on the allegations as pleaded. Protective and West Coast argue that Christopher Hall has never been served with process but provide no authority showing that this alone is sufficient to find fraudulent joinder. *See* ECF No. 54 at 16. In their reply, Protective and West Coast offer no response to Darra Hall's arguments as to why Christopher Hall was not fraudulently joined. *See* ECF No. 57. The Court finds that Christopher Hall was not fraudulently joined.

Second, the Court finds that it would not be proper to realign Christopher Hall and Darra Hall for jurisdictional purposes. "The issue of alignment for purposes of diversity jurisdiction requires a court to look beyond the pleadings to the actual interests of the parties respecting the subject matter of the lawsuit." *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 872 (9th Cir. 2000). Courts should "align for jurisdictional purposes those parties whose interests coincide respecting the primary matter in dispute." *Id.* at 873. "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987).

Here, Protective and West Coast argue that Darra Hall's and Christopher Hall's interests are aligned with respect to the principal purpose of this action: "whether [Darra Hall] is entitled the proceeds of the Protective Policy and West Coast Life Policy." *See* ECF No. 54 at 13. The Court does not see how this could be the case. As explained above, Darra Hall alleges that Christopher Hall forged signatures to deprive Darra Hall of insurance benefits. Their interests are not aligned.

Protective and West Coast cite a number of district court cases regarding insurance claims where courts realigned parties to find jurisdiction, but none have facts similar to those alleged here. Protective and West Coast assert that *Telekenex, Inc. v. Axis Reinsurance Company* is "particularly instructive." *See* ECF No. 54 at 12. In *Telekenex*, plaintiff Telekenex was sued in a separate action by defendant Straightshot, and then Telekenex brought suit against defendant insurance company Axis Reinsurance for a declaratory judgment regarding Axis Reinsurance's obligations to Telekenex

relating to the litigation between Telekenex and Straightshot. *See Telekenex, Inc. v. Axis Reinsurance Co.*, Case No. 2:12-cv-01617, 2012 WL 13028156, at *1 (W.D. Wash. Nov. 27, 2012). Telekenex named Straightshot as a defendant in its suit against Axis Reinsurance, but the Court held that Telekenex's and Straightshot's interests were aligned, as both would benefit from a judgment that would allow Straightshot to recover benefits under Telekenex's insurance policies. *See id.* at *2. Here, the situation is completely different. There is no conceivable way in which Darra Hall prevailing and winning the benefits at issue would benefit Christopher Hall. So, too, with the other cases cited by Protective and West Coast—these do not establish that there is a basis to find Darra Hall's and Christopher Hall's interests are aligned here. The Court thus finds that there is no basis to realign Christopher Hall for jurisdictional purposes.

Because Protective and West Coast have not shown that Christopher Hall's citizenship should be disregarded, the typical diversity jurisdiction rules apply. Darra Hall and Christopher Hall are both citizens of California, so there is no complete diversity. The Court lacks subject matter jurisdiction and must remand the action.

Furthermore, the Court does not find it appropriate to, as Protective and West Coast request, require a state court to enforce the orders of this Court.[6] *See* ECF No. 54 at 19–20. While the parties will presumably be held to their decisions regarding stipulations to dismiss certain claims, and may be judicially estopped from reasserting dismissed claims, the Court does not make any findings with respect to either of those issues and will not order a state court to follow this Court's orders— because it has no authority to issue such an order under our constitutional system. Protective and West Coast provided no authority in support of this request. Orders entered by a federal court are not valid if the Court lacked subject matter jurisdiction, and the Court finds that it lacked subject matter jurisdiction when it entered its previous orders. *See Ins. Corp. of Ireland*, 456 U.S. at 701. Consistent with this settled law, Protective and West Coast provided no authority in support of this request. The state court will be free to adjudicate this action as it sees fit.

---

[6] The Court notes that Protective and West Coast failed to, as directed, provide a proposal as to how the Court should address its previous Order authorizing Protective and West Coast to deposit funds with the Court. *See* ECF No. 52 at 12. The Court has fashioned its own solution.

**IV.     Conclusion**

For the reasons stated herein, the Court ORDERS as follows:

1. This action shall be remanded to Los Angeles County Superior Court. The clerk of court is directed to close the file.
2. The Motion for Default Judgment (ECF No. 38) is DENIED AS MOOT.
3. The funds deposited by Protective Life Insurance Company into the Registry of the Court (*see* ECF Nos. 45, 48) together with any accrued interest shall be remitted to Protective Life Insurance Company forthwith and mailed to: Charles Kelechi Chineduh, Maynard Nexsen LLP, 10100 Santa Monica Boulevard, Suite 550, Los Angeles, CA 90067.
4. The funds deposited by West Coast Life Insurance Company into the Registry of the Court (*see* ECF Nos. 45, 49) together with any accrued interest shall be remitted to West Coast Life Insurance forthwith and mailed to: Charles Kelechi Chineduh, Maynard Nexsen LLP, 10100 Santa Monica Boulevard, Suite 550, Los Angeles, CA 90067.

IT IS SO ORDERED.

Dated: March 10, 2025

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

cc: Fiscal